# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 10-60274 c/w
No. 10-60286
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID B. MULCAHY,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CR-9-1
USDC No. 1:02-CR-97-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

David B. Mulcahy appeals the sentence imposed following the revocation of his supervised release subsequent to his convictions for possession of ammunition by a convicted felon and bank fraud. The district court revoked Mulcahy's supervised release in both cases, and it sentenced Mulcahy to 24 months of imprisonment in the possession of ammunition by a convicted felon

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case and 12 months of imprisonment in the bank fraud case, the sentences to be served consecutively for a total sentence of 36 months of imprisonment.

Mulcahy argues that the district court erred because it failed to provide sufficient reasons for the sentence. He maintains that all of his violations were Grade C violations, making the sentence an upward variance from the guidelines sentence range, requiring the district court to provide detailed reasons for the sentence. He also contends that the district court was required to provide reasons for the sentence in the written judgment but did not.

While Mulcahy objected to the substantive reasonableness of the sentence in the district court, he did not object to the sufficiency of the reasoning provided by the district court. Accordingly, we review this issue for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, Mulcahy must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Assuming arguendo that the district court committed clear or obvious error by not providing a sufficient explanation for the sentence, Mulcahy has not shown that the error affected his substantial rights. The district court revoked Mulcahy's supervised release after Mulcahy admitted to multiple violations and the court heard evidence regarding other violations. Thus, Mulcahy has not shown that his ability to appeal his substantive sentence has been affected, and our ability to review the sentence has not been affected. *See Whitelaw*, 580 F.3d at 263-64. Additionally, Mulcahy has not shown that his sentence would have been different if the district court provided a more extensive explanation for the sentence. Accordingly, Mulcahy has not shown that the district court's failure

to provide specific reasons for the sentence affected his substantial rights, and he has, therefore, failed to show reversible plain error. *See id.* at 263-65.

Mulcahy argues that the sentence was substantively unreasonable. He maintains that his violations were administrative Grade C violations, that the advisory guidelines range in the possession of ammunition case was 6-12 months of imprisonment, and that the advisory guidelines range in the bank fraud case was 7-13 months of imprisonment. He contends that the evidence supporting the violations to which he did not plead guilty was insufficient. He maintains that the 36-month sentence was an unreasonable upward variation of 11 months from the top of the advisory guidelines range.

We review revocation sentences under "(a) both the 'plainly unreasonable' and the *Booker* unreasonableness standards of review or (b) the more exacting *Booker* unreasonableness standard." *United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008).

On revocation of supervised release, the district court may impose any sentence that falls within the statutory maximum term authorized. *See* § 3583(e)(3). Assuming arguendo that all of Mulcahy's violations were Grade C violations, the total sentence of 36 months of imprisonment was 11 months above the top of the advisory guidelines range and well within the statutory maximum. Revocation sentences exceeding the guidelines range but not exceeding the statutory maximum have been upheld as a matter of routine against challenges that the sentences were substantively unreasonable. *See Whitelaw*, 580 F.3d at 265. Furthermore, while Mulcahy argues that his violations were merely administrative violations, he pleaded guilty to five different violations, including the use of cocaine. Accordingly, Mulcahy has not shown that the sentence was unreasonable or plainly unreasonable. *See id.*

AFFIRMED.